NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3733

_____

UNITED STATES OF AMERICA

v.

PHILLIP CHRISTOPHER CLAYTON,
                    Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Criminal No. 08-cr-0006-001
(Honorable Kim R. Gibson)

_____

Submitted Under Third Circuit LAR 34.1(a)
February 23, 2010

_____

Before: SCIRICA, Chief Judge, and CHAGARES, Circuit Judges,
and RODRIGUEZ,* District Judge

(Opinion filed: March 30, 2010)

_____

OPINION OF THE COURT

_____

*The Honorable Joseph H. Rodriguez, Senior United States District Judge for the District of New Jersey, sitting by designation

RODRIGUEZ, Senior District Judge

This is an appeal from the denial of Phillip Christopher Clayton's motion to dismiss his indictment. The District Court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231 and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291.

Phillip Christopher Clayton was indicted on February 20, 2008 for failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). He pleaded not guilty and asked the district court to dismiss the indictment, arguing that SORNA was illegal and unconstitutional. The district court denied the motion. United States v. Clayton, Criminal No. 08-06J, 2009 WL 1033664 (W.D. Pa. Apr. 16, 2009). Clayton then pled guilty to the one-count indictment, reserving the right to appeal, and was sentenced to 36 months in prison to be followed by 10 years of supervised release. This timely appeal followed.

By way of background, in 1992, Clayton was convicted in California of the felony sex offense of Oral Copulation of an Unconscious Victim, and was required to register as a sex offender for life. Thereafter, Clayton relocated to Pennsylvania, but failed to register as a sex offender there. The indictment charged Clayton with failure to register or update his sex offender registration between October 1, 2007 and December 31, 2007 in violation of SORNA.

Clayton argues that the District Court erred in failing to dismiss his indictment because, as applied to him, SORNA, enacted on July 27, 2006, (1) is not applicable

because Pennsylvania has not yet implemented the law, and (2) violates the ex post facto clause. We exercise plenary review of a district court's determination of the constitutionality of a criminal statute. United States v. Walker, 473 F.3d 71, 75 (3d Cir. 2007).

This case mirrors United States v. Shenandoah, 595 F.3d 151 (3d Cir. 2010). Invoking the recent discussion of these issues set forth in Shenandoah, we summarily affirm. As discussed in Shenandoah, Clayton's first argument is without merit because SORNA "applies to sex offenders -- not to states." Shenandoah, 595 F.3d at 157. Clayton was a registered sex offender in California when SORNA was enacted. Thus, "SORNA required only that he keep his registration current on and after July 27, 2006." Id. The allegations in the indictment pertain to Clayton's failure to keep his registration current, and therefore are contemplated by the subsections of SORNA which provide that sex offenders keep their registration current in each jurisdiction in which they reside, 42 U.S.C. § 16913 (a) & (c), by informing the jurisdiction of all changes in information required in the sex offender registry. "Inasmuch as . . . Pennsylvania had [a] sex offender registr[y] in place after SORNA's enactment, SORNA demanded that [Clayton] update his registration by registering in Pennsylvania." Id.

Similarly, the ex post facto clause argument fails because Clayton committed a "new" crime, violating SORNA, when he failed to register or update his sex offender registration between October 1, 2007 and December 31, 2007, after the enactment of the statute. "SORNA is not being applied retroactively. Instead, SORNA's focus is

prospective. It creates a new punishment for a new offense, this new offense being traveling in interstate commerce and failing to register as a sex offender under SORNA after July 27, 2006." Id. at 158 (citation omitted).

For these reasons, we find no reversible error, and affirm.